# 24-258-CV

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT



BARBARA ANN HARTKE, an individual on her own behalf
and on behalf of the Estate of decedent GILBERT V. HARTKE,

*Plaintiff-Appellant,*

*v.*

BONHAMS & BUTTERFIELDS AUCTIONEERS CORPORATION,
A Delaware Corporation, THE CATHOLIC UNIVERSITY OF AMERICA,
A non-profit District of Columbia Corporation,

*Defendants-Appellees.*

*On Appeal from the United States District Court
for the Southern District of New York*

## BRIEF FOR DEFENDANTS-APPELLEES

Ross M. Bagley
PRYOR CASHMAN LLP
*Attorneys for Defendant-Appellee*
  *Bonhams & Butterfields Auctioneers Corp.*
7 Times Square
New York, New York 10036
212-421-4100

Shawn A. Brenhouse
LOCKE LORD LLP
*Attorneys for Defendant-Appellee*
  *The Catholic University of America*
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
212-415-8600


PHP (212) 719-0990
appeals@phpny.com

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure:

1.      Defendant-Appellee Catholic University of America  discloses that it is not a public company.  No publicly held corporation owns 10% or more of the University's stock.

2.      Defendant-Appellee Bonhams & Butterfields Auctioneers Corp. discloses that it is not a public company.  No publicly held corporation owns 10% or more of Bonhams' stock.

# TABLE OF CONTENTS

**Page**

JURISDICTIONAL STATEMENT ........................................................1

COUNTERSTATEMENT OF ISSUES PRESENTED............................................2

STATEMENT OF THE CASE..........................................................2

STANDARD OF REVIEW ...........................................................7

ARGUMENT .....................................................................8

   I.    THE DISTRICT COURT CORRECTLY DISMISSED APPELLANT'S AMENDED COMPLAINT BECAUSE APPELLANT DOES NOT HAVE STANDING. .....................................9

      A.    Appellant Is Not A Representative Father Hartke's Estate...................9

      B.    Appellant Is Not Entitled To Any Additional Time To Seek Appointment As Father's Hartke's Estate Representative..................11

      C.    The District Court Correctly Denied Appellant's Motion For Leave To Amend The Complaint Because Appellant Cannot Demonstrate Any 'Extraordinary Circumstances' Authorizing Her To Pursue The Estate's Claims. ...................................................15

   II.    COMPLETE DIVERSITY DOES NOT EXIST BETWEEN THE ESTATE AND THE UNIVERSITY.......................................17

CONCLUSION ...................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aetna Life Ins. Co. v. Frank*,
 592 F. Supp. 3d 317 (S.D.N.Y. 2022) ..................................................9

*Balintulo v. Ford Motor Co.*,
 796 F.3d 160 (2d Cir. 2015) ..............................................................7

*Brohan on Behalf of Brohan v. VW Mfg. Co.*
 97 FRD 46 (E.D.N.Y. 1993) ............................................................14

*Brown v. Guscott*,
 Civ. No, 02-0858 (D. N.M. September 30, 2002) ..............................14

*Butko v. Chipotle Mexican Grill, Inc.*,
 2018 U.S. Dist. LEXIS 62977 (E.D.N.Y. April 12, 2018) ................18

*Estate of Capo v. Haquif*,
 2019 U.S. Dist. LEXIS 92713 (S.D.N.Y. May 31, 2019) ...................9

*Clarex Ltd. v. Natixis Sec. Am. LLC*,
 No. 12 CIV. 0722 PAE, 2012 WL 4849146 (S.D.N.Y. 2012) ...........13

*Conn. Parents Union v. Russell-Tucker*,
 8 F.4th 167 (2d Cir. 2021) ...........................................................7, 8

*Cortlandt St. Recovery Corp. v. Hellas Telecomm'ns S.A.R.L.*,
 790 F.3d 411 (2d Cir. 2015) ......................................................19, 21

*Cresswell v. Sullivan & Cromwell*,
 922 F.2d 60 (2d Cir. 1990) ..............................................................18

*Digizip.com, Inc. v. Verizon Servs. Corp.*,
 139 F. Supp. 3d 670 (S.D.N.Y. 2015) .........................................11, 12

*Estwick v. US Air Shuttle*,
 950 F. Supp. 493 (E.D.N.Y. 1996) ...................................................14

*Friends of the Earth, Inc. v. Laidlaw Env'tl Servs. (TOC), Inc.*,
 528 U.S. 167, 189 (2000)..................................................................13

*Garmon v. Cnty. Of Rockland*,
　No. 10 Civ. 7724 (ALC) (GWG), 2013 WL 541380 (S.D.N.Y. Feb.
　11, 2013) ....................................................................................................9

*Grace v. Rosenstock*,
　228 F.3d 40 (2d Cir.2000) ........................................................................7

*Holmes v. Grubman*,
　568 F.3d 329 (2d Cir. 2009) .....................................................................7

*Lewis v. DiMaggio*,
　115 A.D. 3d 1042 (3d Dept. 2014) ........................................................15

*Mahon v. Ticor Title Ins. Co.*,
　683 F.3d 59 (2d Cir. 2012) ......................................................................19

*McCarthy v. Dun & Bradstreet Corp.*,
　482 F.3d 184 (2d Cir. 2001) ......................................................................7

*Nichols v. Prudential Ins. Co. of Am.*,
　406 F.3d 98 (2d Cir. 2005) .........................................................................1

*Oscar Gruss & Son, Inc. v. Hollander*,
　337 F.3d 186 (2d Cir. 2003) ....................................................................12

*Revitalizing Auto Communities Env't Response Tr. v. Nat'l Grid USA*,
　10 F.4th 87 (2d Cir. 2021) .......................................................................14

*In re SLM Corp. Sec. Litig.*,
　258 F.R.D. 112 (S.D.N.Y.2009) .............................................................12

*Smith v. Nkomarume*,
　No. 17cv6369 (DF), 2018 U.S. Dist. LEXIS 158171 (S.D.N.Y.
　Sep. 5, 2018) ...........................................................................................20

*Thea v. Kleinhandler*,
　No. 13 CIV. 4895 PKC, 2014 WL 2111637 (S.D.N.Y. 2014). (A-
　310-311) ...................................................................................................16

*Wachovia Bank v. Schmidt*,
　546 U.S. 303 (2006) .................................................................................19

iv

*Warth v. Seldin*,
422 U.S. 490 (1975)...................................................................................19

*Wynder v. McMahon*,
360 F.3d 73 (2d Cir. 2004) ........................................................................2

*Yien-Koo King v. Wang*,
No. 14 CIV. 7694 (JFK), 2018 WL 1478044 (S.D.N.Y. Mar. 26,
2018) ........................................................................................................13

## Statutes and Rules

28 U.S.C. §1291 ...........................................................................................2

28 U.S.C. § 1332(c)(2) ................................................................................18

28 U.S.C. § 1447(c) .....................................................................................20

D.C. Code §§ 20–501 ..................................................................................10

Fed. R. Civ. P. 12(b)(1)............................................................................4, 7

Fed. R. Civ. P. 17 ..........................................................................11, 12, 19

Fed. R. Civ. P. 17(a).............................................................................5, 12, 20

Fed. R. Civ. P. 17(b)(3).........................................................................5, 9, 10

Fed. R. Civ. P. 26(c)...................................................................................17

Rule 17(a)(3) ...............................................................................................13

Rule 17(b).....................................................................................................21

## Treatises and Commentary

4 Moore's Federal Practice 3D § 17.12[1][c].............................................19

Defendants-Appellees The Catholic University of America (the "University") and Bonhams and Butterfields Auctioneers Corp. ("Bonhams" and, together with the University, "Appellees") respectfully submit this brief in opposition to Appellant Barbara Ann Hartke's ("Appellant" or "Hartke") appeal from the January 23, 2024 Memorandum Opinion and Order (the "Decision") of the Honorable Paul G. Gardephe of the United States District Court for the Southern District of New York (the "District Court"), and from the January 23, 2024 judgment (the "Judgment") of the District Court, denying Appellant's motion for leave to file a Second Amended Complaint, and dismissing the action without prejudice.

## JURISDICTIONAL STATEMENT

The District Court held that it lacked subject matter jurisdiction because Appellant lacks standing. (SPA-1-17).[1] Appellant's Notice of Appeal identified two decisions, one dated December 11, 2023 and one dated January 23, 2024. (A-594). The December decision dismissed Appellant's complaint without prejudice and granted leave to file a motion to amend. (A-299-316). The January Decision denied Appellant's motion for leave to amend. (SPA-1-17). The January Decision was a final decision of the District Court; the December decision was not. *See Nichols v.*

---

[1] All references to pages in the Special Appendix will be preceded by "SPA-__." All references to pages in the Joint Appendix will be preceded by "A-__." All references to Appellant's opening brief on appeal will be preceded by "Opening Br. p. __."

1

*Prudential Ins. Co. of Am.*, 406 F.3d 98, 104 (2d Cir. 2005) (citing *Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004)). Appellant filed her Notice of Appeal on January 30, 2024. Accordingly, this Court has jurisdiction under 28 U.S.C. §1291 to consider an appeal of the January Decision, which is a final decision of the District Court and was subject to a timely Notice of Appeal. (A-594).

## COUNTERSTATEMENT OF ISSUES PRESENTED

1.      Whether the District Court properly held that it lacked subject matter jurisdiction over Appellant's claims because Appellant lacks standing.

2.      Whether the District Court properly exercised its discretion in denying Appellant's motion for leave to amend the Amended Complaint. (Second Amended Complaint, hereinafter referred to as, "SAC").

## STATEMENT OF THE CASE

Father Gilbert V. Hartke ("Father Hartke") was "a Roman Catholic priest" who was long employed as a University Professor and Drama Department Chairman at the University. (A-323). Father Hartke was assigned to the College of the Immaculate Conception, a division of the Dominican Fathers of the Province of St. Joseph, and remained a member of the Dominican Order until his death. (A-108). When Father Hartke became a Dominican priest in 1933, he took a vow of poverty and declared that "all goods which may in any way accrue to me individually belong to the [Dominican] Order." (SPA-3) (citations omitted).

2

Appellant alleges that she is Father Hartke's niece and one of the "heirs" to his Estate. (A-321). She claims that Father Hartke "had in his possession substantial personalty at his death" (A-321), including "[a]n [i]mportant [c]ostume worn by Judy Garland as Dorothy in the *Wizard of Oz*" (the "Dress"). (A-322).

Father Hartke passed away on February 21, 1986, in the District of Columbia, where his Estate was the subject of probate proceedings in or around July 1986. (A-321-322, A-103-117). In those proceedings, Joseph P. Allen, O.P. ("Father Allen"), a member of the Dominican Order, served as the personal representative for the Estate, and the Estate ultimately closed with an inventory of no personal property. (*Id.*). Appellant played no role in the administration of the Estate in 1986, and has never been named as a representative of the Estate. (A-321-323, A-324-325).

Following Father Hartke's death and the closing of his Estate, the Dress remained on the University campus. (A-323). The University subsequently provided the Dress to Bonhams to be auctioned in May 2022. (A-322). In connection with the auction, the Dress was advertised online. (*Id.*)

Appellant commenced this action on May 3, 2022 — in her individual capacity and purportedly on behalf of the Estate — and obtained a temporary restraining order barring Bonhams from bringing the Dress to auction, which was originally scheduled for May 24, 2022. (A-208-224).

3

Appellant filed an Amended Complaint (the "Amended Complaint") on June 21, 2022, alleging the same causes of action originally pleaded, and adding a cause of action for "breach of duty to exercise reasonable care." (A-319-332).

Just before filing the Amended Complaint, on June 13, 2022, Appellant applied to the Probate division of the District of Columbia Court (the "D.C. Probate Court") to reopen the Estate and succeed Father Allen as personal representative. (*Id.*). The D.C. Probate Court did not act on Appellant's petition, as that court noted in an order denying as moot the University's request to intervene, because Appellant did not properly file her petition. (A-431).[2]

On September 20, 2022, Appellees moved to dismiss the Amended Complaint, arguing, *inter alia*, that (1) Appellant lacked standing to sue either in her own name or on behalf of the Estate; and (2) the Amended Complaint failed to state a claim. (A-226-261).

On December 11, 2023, the District Court granted Appellees' motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). (A-299-316). The Court concluded that Appellant lacked standing to pursue her claims, either on her own behalf or on behalf of the Estate. (*Id.* at pp. 1, 9).

---

[2]    While Appellant alleges that an additional application "remains pending" (A-325) in the D.C. Probate Court, that Court has no record of any alleged applications to "re-open" the Estate. (A-592-593).

As to Appellant's standing to assert claims on her own behalf, the District Court noted that Appellant contended only that the "Judy Garland Dress belongs to [Appellant's] uncle's estate" (not Appellant). (*Id*. at p. 9). Further, the District Court held that Appellant had "not pled facts demonstrating that she was a real party in interest under Fed. R. Civ. P. 17(a)." (*Id*.) (internal quotations omitted).

With respect to Appellant's ability to sue on behalf of the Estate, the District Court held that she did not have standing to do so. The District Court explained that "New York law — where [this C]ourt is located — governed the determination of plaintiff's 'capacity to sue on behalf of the estate.'" (*Id*. at p. 11) (quoting Fed. R. Civ. P. 17(b)(3)). "New York law is clear that — absent 'extraordinary circumstances' — [o]nly a duly appointed personal representative may bring suit on behalf of a decedent.'" *Id.* (citations omitted).

The District Court determined that: (1) Appellant had not alleged that she had been "appointed as executor, administrator, or in some other capacity as the personal representative of the Estate," (*id*. at p. 12); and (2) "there are no 'extraordinary circumstances' that authorize Appellant to bring a claim on behalf of the Estate under New York law." (*Id*. at p. 13).

The District Court dismissed Appellant's action because Appellant lacked standing to assert a claim on behalf of the Estate, but granted leave to move to amend

5

to the extent that Appellant could establish her eligibility to represent the Estate.  (*Id.* at pp. 16, 17).

On January 2, 2024, Appellant moved for leave to file a Second Amended Complaint ("SAC"), but without adding any materially different factual allegations, including as pertaining to her eligibility to represent the Estate.  (A-319-330).  On January 23, 2024, the District Court found that Appellant's proposed SAC "does not contain new factual allegations that cure the standing defects identified in the Dismissal Order."  (SPA-11).  Specifically, the District Court concluded that Appellant "is still not a 'duly appointed personal representative' of Father Hartke's Estate" and that Appellant failed to "plead facts demonstrating 'extraordinary circumstances' — such as fraud or intentional misrepresentation — that would assist Appellant in bringing claims on behalf of her uncle's Estate even though she is not the Estate's personal representative".  (SPA-15) (citations omitted).

The District Court denied Appellant's motion for leave to file her proposed SAC, and dismissed the action without prejudice.  (SPA-1-16).  The clerk entered judgment on January 23, 2024.  (SPA-17).

Appellant filed her Notice of Appeal on January 30, 2024, identifying the District Court's decisions of December 11, 2023, and January 23, 2024, which denied Appellant's motion for leave to file a Second Amended Complaint and dismissed Appellant's action without prejudice.

6

## STANDARD OF REVIEW

Appellant does not articulate a discernable standard of review in her opening brief.

Appellant appeals the Decision on Appellant's motion for leave to file a Second Amended Complaint. The Court of Appeals reviews a district court's denial of leave to amend for abuse of discretion and any conclusions of law inherent in the ruling *de novo*. *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009). A district court has discretion to deny leave to amend a Complaint for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id*. (*citing McCarthy v. Dun & Bradstreet Corp*., 482 F.3d 184, 200 (2d Cir. 2001)). *See also Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir.2000) ("In determining whether leave to amend should be granted, the [D]istrict [C]ourt has discretion to consider, inter alia, the apparent 'futility of amendment.'"); *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 (2d Cir. 2015).

This Court reviews a district court's dismissal of a complaint under Rule 12(b)(1) for lack of standing *de novo*. *Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 172 (2d Cir. 2021). However, it is Appellant's burden to allege facts that show she has standing to sue. *Id.* (citations omitted). Conclusory statements without reference to factual context need not be credited, and the Court may consider

affidavits and other materials beyond the pleadings that were relied upon by the District Court. *Id.*

As set forth below, the District Court properly exercised its discretion in denying leave to amend. Moreover, the District Court's determination that Appellant did not have the standing to represent the Estate is correct. Accordingly, the Decision should be affirmed.

## ARGUMENT

The District Court was entirely correct to deny Appellant leave to file her proposed SAC. Appellant does not have standing to pursue the claims she asserts either on behalf of the Estate, or on her own behalf. Appellant has not alleged that she has been appointed as executor, administrator, or personal representative of the Estate. In fact, she admits that she has never been appointed to any such role. Nor are there any "extraordinary circumstances" that authorize Appellant to nonethless bring a claim on behalf of the Estate under New York law.

In making this appeal, Appellant provides another reason why the appealed-from decision should be affirmed. She argues on appeal that the District Court's dismissal without prejudice is, in effect, a dismissal *with* prejudice, because she cannot maintain diversity jurisdiction if she were appointed representative of the Estate (which is a citizen of the District of Columbia). In other words, were Appellant an authorized representative of the Estate with the ability to sue on its

8

behalf, diversity is destroyed, and Federal subject matter jurisdiction disappears. The circularity of this set of defects underscores why this case was properly dismissed.

### I. THE DISTRICT COURT CORRECTLY DISMISSED APPELLANT'S AMENDED COMPLAINT BECAUSE APPELLANT DOES NOT HAVE STANDING.

#### A. Appellant Is Not A Representative Father Hartke's Estate.

Appellant lacks standing to bring her claims because she does not allege any personal ownership claim in the Dress, and has not been appointed as personal representative of Father Hartke's Estate, which Appellant alleges to be the owner. (SPA-13). The District Court's dismissal of Appellant's Amended Complaint for lack of standing is correct, and is supported both by the law and facts.

"New York law is clear that — absent 'extraordinary circumstances' — '[o]nly a duly appointed personal representative may bring suit on behalf of a decedent.'" *See Garmon v. Cnty. Of Rockland,* No. 10 Civ. 7724 (ALC) (GWG), 2013 WL 541380, at *2 (S.D.N.Y. Feb. 11, 2013) (applying Rule 17(b)(3) to determine a plaintiff's capacity to litigate on behalf of the decedent's estate, where plaintiff had not been named as executor or administrator of the estate); *Aetna Life Ins. Co. v. Frank*, 592 F. Supp. 3d 317, 322 (S.D.N.Y. 2022) ("Under New York law, absent extraordinary circumstances, actions brought on behalf of an estate must be brought by an executor or administrator."); *Estate of Capo v. Haquif*, 2019 U.S.

9

Dist. LEXIS 92713, *9 (S.D.N.Y. May 31, 2019) (citing authorities) (a party "lack[s] the requisite legal capacity to bring [an] action" on behalf of a decedent's estate where they are not the "duly appointed personal representative" of the estate.); N.Y. Est. Powers & Trusts § 11-3.1.

In this case, there is no dispute that Appellant is not — and never has been — the personal representative of the Estate. In fact, she admits it. (A-310-311). Rather, in or around 1986, the D.C. Probate Court appointed *Father Allen* to serve as the personal representative of the Estate. (A-106-117). And, to date, Appellant has provided no evidence to show that she was designated to replace him, nor even that she has successfully commenced any proceeding seeking to effect such a substitution.

Appellant simply has no basis to sue on behalf of the Estate. She did not follow (nor does she allege to have followed) the D.C. Probate Court's procedures, nor did she satisfy any of the requirements to represent an estate that was closed some 35 years ago. *See* D.C. Code §§ 20–501 ("Conditions of appointment"); 20-502 (bond requirement); 20-503 (letter from Register requirement); *see generally* Fed. R. Civ. Proc. 17(b)(3) (noting the capacity to sue requirements turn on state law). Consequently, as the District Court correctly concluded, "[i]n the absence of evidence that Appellant has been appointed as executor, administrator, or in some

other capacity as the personal representative of the Estate, she lacks standing to bring this action." (A-309-310) (citations omitted).

### B. Appellant Is Not Entitled To Any Additional Time To Seek Appointment As Father's Hartke's Estate Representative.

In response to the District Court's determination that she has no standing, Appellant complains that she should have been given more time to try to meet the requirements of Fed. R. Civ. P. 17 to be named a representative of the Estate, which was probated almost forty years ago. (Opening Br. p. 18). But, Appellant fails to demonstrate that allowing her any more time to become the Estate representative is warranted or would be appropriate. *See Digizip.com, Inc. v. Verizon Servs. Corp.*, 139 F. Supp. 3d 670, 679 (S.D.N.Y. 2015) (plaintiff "generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties.") (citations omitted). As the District Court noted, there has been no activity in the Estate matter since at least November 17, 2022, when the D.C. Probate Court denied Appellant's alleged application to re-open the Estate. (A-592-593).

While Appellant argues that the record "clearly reflects that Appellant diligently pursued her application to be appointed valid representative with the Probate Court in the District of Columbia" [*sic*] (Opening Br. p. 14), this is not the case. Contrary to Appellant's claim, the record shows that Appellant's initial application in the D.C. Probate Court was denied, and she has taken no further action

11

since November 17, 2022.  (A-592-593).   In fact, Appellant's opening brief demonstrates that Appellant personally has no interest in prosecuting a claim in D.C. Probate Court, where the Estate was settled, because she views it as an "unfriendly forum" where Appellant is subject to "the possibility of local prejudice."  (A-15, A-17).

There is no indication whatsoever that any additional time would result in the alleged real party in interest — the Estate — being "join[ed], or … substituted into the action" under Rule 17.  *See Verizon Servs. Corp.*, 139 F. Supp. 3d at 679. ("The only real concern with respect to standing is whether [Plaintiff] was the proper owner of those claims at the time it brought this suit — in other words, the concern addressed in Rule 17 as to whether [Plaintiff] was the 'real party in interest.'")*.*  And, as shown below, if the Estate were joined, diversity would be destroyed and the Federal courts would lose subject matter jurisdiction in any event.  (*See* Section III, *infra*).

Contrary to Appellant's claim that she should be allowed more time to cure her "standing defect," the Second Circuit has emphasized that "Rule 17 does not ... affect jurisdiction and relates only to the determination of proper parties and the capacity to sue."  *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193–94 (2d Cir. 2003).  Thus, "[w]hile Rule 17(a) allows for the substitution of a real party in interest, a plaintiff must have 'Article III standing at the outset of the litigation.'"  *In*

12

*re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 115 (S.D.N.Y.2009) (*quoting Friends of the Earth, Inc. v. Laidlaw Env'tl Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

For this reason, when "courts in this Circuit have allowed time under Rule 17(a)(3) to remedy defects in standing, they have generally done so where the plaintiff clearly had standing on another claim that it brought." *Clarex Ltd. v. Natixis Sec. Am. LLC*, No. 12 CIV. 0722 PAE, 2012 WL 4849146, at \*8 (S.D.N.Y. 2012). Appellant does not clear this hurdle: she had no standing to bring *any* claim when she brought suit.

The scant case law Appellant points to in support of her claim that she should have been given more time, does not dictate a different result. For example, Appellant's reliance on *Wang* is misplaced. She cites this case to support her view that the District Court abused its discretion by failing to provide her with more time to be appointed representative. (Opening Br. p. 21). But, as the District Court explained, *Wang* merely confirms that only an estate's executor or administrator has standing to litigate on behalf of an estate. (SPA-14) ("It was only after the daughter was issued preliminary letters testamentary that Judge Keenan found that she had cured the standing deficiency."); *Yien-Koo King v. Wang*, No. 14 CIV. 7694 (JFK), 2018 WL 1478044, at \*6 (S.D.N.Y. Mar. 26, 2018). *Wang* does not support, and Appellant cites no other precedent in support of, her contention that the District Court must grant a particular amount of time—let alone more than the year-and-a-

13

half Appellant had in this case—to secure the requisite "personal representative" status to create standing to bring the claims purportedly asserted in the SAC.

Appellant also relies upon other distinguishable cases, such as *Estwick*, where the Plaintiff was already the administratrix of the relevant estate, and *Brohan*, where the Plaintiff was appointed as executrix. (Opening Br. p. 14); *Estwick v. US Air Shuttle*, 950 F. Supp. 493 (E.D.N.Y. 1996); *Brohan on Behalf of Brohan v. VW Mfg. Co.* 97 FRD 46 (E.D.N.Y. 1993). Unlike Appellant, who can only claim to have "pursued her application to be appointed valid representative" (Opening Br. p. 14), the cases relied on by Appellant entailed putative plaintiffs who maintained standing and stood in different relationships to each other than Appellant does to Father Hartke's Estate here. *See e.g., Brown v. Guscott*, Civ. No, 02-0858 (D. N.M. September 30, 2002) (Environmental Trust and its Trustee); *Revitalizing Auto Communities Env't Response Tr. v. Nat'l Grid USA*, 10 F.4th 87, 96 (2d Cir. 2021) (infant daughter's wrongful death claim on behalf of her deceased father). Here, Appellant has not established she is the proper party to maintain any claims on behalf of the Estate. This critical distinction only further demonstrates that the District Court did not abuse its discretion when it held that Appellant cannot pursue her claims without properly representing Father Hartke's Estate.

14

Accordingly, the District Court correctly concluded that Appellant lacks standing to maintain her claims and dismissed Plaintiff's Amended Complaint. (SPA-16).

> **C.** **The District Court Correctly Denied Appellant's Motion For Leave To Amend The Complaint Because Appellant Cannot Demonstrate Any 'Extraordinary Circumstances' Authorizing Her To Pursue The Estate's Claims.**

Appellant claims the District Court erred by denying her motion for leave to amend her complaint based on its finding that she failed to demonstrate any "extraordinary circumstances" that warranted her acting on behalf of the Estate. There was no error.

As the District Court noted, "[e]xtraordinary circumstances are implicated where the executor is allegedly directly involved in purported egregious conduct and self-dealing that negatively impacts the potential assets of the estate." (A. 311). Further, a party must state with particularity the circumstances constituting fraud committed by an estate representative. *See Lewis v. DiMaggio*, 115 A.D. 3d 1042, 1044 (3d Dept. 2014) (applying "extraordinary circumstances" standard in action brought by beneficiaries of an estate, noting that in cases "involving fraud or undue influence, the complaint must set forth in detail the circumstances constituting the wrong").

In this case, the District Court ruled, correctly, that Appellant failed to meet her burden to demonstrate that there are some extraordinary circumstances

15

warranting her acting on behalf of the Estate nonetheless. *See Thea v. Kleinhandler*, No. 13 CIV. 4895 PKC, 2014 WL 2111637, at *5 (S.D.N.Y. 2014). (A-310-311).

Appellant's sole basis for claiming an "extraordinary circumstance" is her unsupported belief that Father Allen had failed to "inventory any of Father Hartke's property." (Opening Br. pp. 10, 18). However, "[w]here a complaint is premised on information and belief allegations, the expressed belief [must be] based on factual information that makes the inference of culpability plausible.'" (A-312) (citations omitted). Here, "the record contains no facts suggesting that Father Allen acted in bad faith in reporting — in the inventory he prepared..." *Id.*

While Appellant argues that "extraordinary circumstances" exist because Father Allen violated his "statutory obligations" (Opening Br. p. 21), Appellant failed to allege any facts to support such a claim.[3] Instead, Appellant vaguely claimed that Father Allen improperly mispresented the inventory of the Estate "either intentionally, or negligently and with reckless disregard for the truth." (A-321-322). This conclusion apparently flows from Father Allen representing to the D.C. Probate Court that Father Hartke owned no physical assets at the time of his death, "having delivered all he came into possession of to the College of the Immaculate Conception" pursuant to the vow of poverty he signed and committed

---

[3]     Nor does the record on appeal provide any support for this idea.

16

to as a priest (A-106). However, the District Court noted that Appellant did not accompany her "information and belief allegations of fraud with factual information that makes the inference of culpability plausible." (A-312) (internal quotations omitted).[4]

Accordingly, the District Court did not abuse its discretion by denying Appellant's motion for leave to amend, where Appellant failed to establish any "extraordinary circumstances" justifying bringing any claim on behalf of the Estate in her personal capacity.

## II. COMPLETE DIVERSITY DOES NOT EXIST BETWEEN THE ESTATE AND THE UNIVERSITY.

Appellant admits that if she were to achieve the requisite capacity to represent the Estate the District Court would be stripped of subject matter jurisdiction because that appointment would destroy diversity. (Opening Br. pp. 15, 17). She specifically states: "the doors of any federal courthouse would be barred to her for lack of complete diversity since she and [the University] would both be deemed citizens of the District of Columbia." (Opening Br. p. 17).

---

[4]     Appellant fails to support a claim that she should have been permitted to depose Father Allen when Appellees' Motion to Dismiss remained *sub judice*. (Opening Br. p. 19). Further, staying discovery is firmly within the District Court's discretion and is particularly appropriate where, as here, a plaintiff fails to allege facts supporting the exercise of subject matter jurisdiction. *See* Fed. R. Civ. P. 26(c).

17

She is correct. Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" Therefore, assuming she is, or will be a representative of the Estate, Appellant "shall be deemed to be a citizen" of the District of Columbia, where the Estate is domiciled. (Opening Br. p. 17); *see also Butko v. Chipotle Mexican Grill, Inc.,* 2018 U.S. Dist. LEXIS 62977, *3 (E.D.N.Y. April 12, 2018). The University is also a citizen of the District of Columbia. (A-320). Therefore, as Appellant admits, to the extent that she is ever appointed as a representative of the Estate, complete diversity does not exist. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990).

This case does not belong in the Federal courts at all, let alone in the Southern District of New York. Nonetheless, Appellant attempts to use the District Court's dismissal for lack of standing and the lack of diversity as both a shield and a sword. On one hand, she admits that complete diversity would not exist had she properly sought to be, and been, appointed a representative of the Estate in the D.C. Probate Court. (Opening Br. p. 17). On the other hand, she claims that the District Court *erred* in dismissing the Amended Complaint for lack of standing because it was, in effect, an improper dismissal with prejudice in violation of Article III since she cannot maintain diversity if the Estate were a party. (*Id.*).

18

But that is not how Article III works. "If [an] Appellant [ ] lack[s] Article III standing, a court has no subject matter jurisdiction to hear [his or her] claim," requiring that the case be dismissed. *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (quotation omitted); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomm'ns S.A.R.L.,* 790 F.3d 411, 416–17 (2d Cir. 2015). Further, a plaintiff's "[s]tanding is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

But, a plaintiff's capacity is not the only part of a standing inquiry. There is also the matter of "a court's competence to adjudicate a particular category of cases; … subject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006). In a situation like the one here, where an amendment or substitution of a party might cure the issue of a plaintiff's standing under Rule 17, if it destroys diversity then the amendment remains futile and the case must be dismissed. *See Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*, 790 F.3d 411, 424 (2d Cir. 2015) (citing 4 Moore's Federal Practice 3D § 17.12[1][c] ("If joinder or substitution of, or ratification by, a real party in interest would destroy the court's jurisdiction, the action must be dismissed.")). Therefore, to the extent that Appellant claims to have commenced the action on behalf of the Estate, there can be no diversity because both the University and the Estate are domiciled in the District of

19

Columbia. Alternatively, if Appellant's claim of diversity is based on her personal participation in the action as a domiciliary of Wisconsin, then she has no standing in light of her lack of a viable ownership claim in the Dress, and addition of the Estate as a party in the future would likewise destroy diversity. *See e.g., Smith v. Nkomarume*, No. 17cv6369 (DF), 2018 U.S. Dist. LEXIS 158171, at *10 (S.D.N.Y. Sep. 5, 2018) ("[i]f complete diversity is destroyed by joinder of a new party, and if the federal court otherwise lacks subject matter jurisdiction over the case, the case must be remanded") (citations omitted); *see also* 28 U.S.C. § 1447(c) (requiring remand to state court if "at any time before final judgment it appears that the district court lack subject matter jurisdiction").

Appellant's flawed argument assumes the conclusion that she is somehow "entitled" to bring her claims in federal court, even when diversity jurisdiction is lacking. (Opening Br. p. 18). Further, the District Court's decision does not leave the Estate without a remedy because, in the unlikely event that Appellant were properly appointed representative, the District Court's without prejudice dismissal would not prevent her from proceeding on behalf of the Estate, including in a *state* court (although there are many other reasons not before this Court why such a case would fail).[5]

---

[5] Appellant appears to conflate the principles under Rule 17(a) of the Federal Rules of Civil Procedure, which requires that "[a]n action...be prosecuted in the name of the real party in interest" with Appellant's "Capacity to Sue or be Sued"

As a final brief aside, Appellant's admissions about her diversity problems should put to rest her arguments that she should be given more time to be named a representative of the Estate. No matter how much time she is given and no matter what the DC Probate Court decides (if there even were a matter pending before it), this case cannot proceed here because the Federal courts would not have subject matter jurisdiction to hear it. As opposed to simply being a question of Appellant's capacity to sue, it becomes a question of a Federal court's ability to entertain the case under the powers granted by the Constitution.

Notwithstanding that Appellant cannot pursue the underlying action both due to her lack of standing and because gaining standing would defeat diversity jurisdiction, Appellant still attempts to reverse the dismissal. As a matter of law, however, the District Court correctly dismissed this case. *See Cortlandt St. Recovery Corp.*, 790 F.3d at 424.

## CONCLUSION

Appellant does not have standing to proceed with this action. As the District Court here recognized, Appellant lacks the requisite status to have standing in this case, and failed to allege any extraordinary circumstances to allow Appellant's action to proceed. Appellant's appeal raises no meritorious objections to the District

---

defined under Rule 17(b). Appellant often refers to these concepts interchangeably. (Opening Br. pp. 10, 12, 21).

Court's well-reasoned and correct Decision. Appellant fails to demonstrate that the District Court abused its discretion in denying leave to amend the Amended Complaint and Appellant's remaining arguments fail as a matter of law. In light of this and all of the arguments set forth above, and in Appellees' prior briefing on their motion to dismiss in the lower court, this Court should affirm the District Court's dismissal of Appellant's action.

Dated: New York, New York
      June 17, 2024

LOCKE LORD LLP

By: *s/  Shawn A. Brenhouse*
    Shawn A. Brenhouse
    Amin Al-Sarraf
    LOCKE LORD LLP
    *Attorneys for Defendant Catholic*
    *University of America*
    Brookfield Place
    200 Vesey Street, 20th Floor
    New York, New York 10281
    Tel: (212) 415-8600
    shawn.brenhouse@lockelord.com
    amin.alsarraf@lockelord.com


    *s/ Ross M. Bagley*
    *Ross M. Bagley*
    PRYOR CASHMAN LLP
    *Attorneys for Defendant Bonhams &*
    *Butterfields Auctioneers Corp.*
    7 Times Square
    New York, New York 10036
    Tel: (212) 421-4100
    rbagley@pryorcashman.com

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)

1)      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 4,799 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2)      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-Point font.

Dated: June 17, 2024
        New York, New York

LOCKE LORD LLP


 s/ *Shawn A. Brenhouse*
Shawn A. Brenhouse
Brookfield Place
200 Vesey St., 20th Floor
New York, New York 10281-2101
Phone: (212) 415-8600
shawn.brenhouse@lockelord.com


PRYOR CASHMAN LLP

*s/ Ross M. Bagley*
*Ross M. Bagley*
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
rbagley@pryorcashman.com

23